UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CESAR GARZA, individually and on behalf of all others similarly situated** | § § § | **Docket No. _____** |
| **Plaintiff,** | § § | |
| vs. | § § | **JURY TRIAL DEMANDED** |
| **CSOS, LLC F/K/A CORNELL SOLUTIONS, LLC AND KLX ENERGY SERVICES, LLC** | § § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendants.** | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1. Cesar Garza brings this lawsuit to recover unpaid overtime wages and other damages from CSOS, LLC f/k/a Cornell Solutions, LLC and KLX Energy Services, LLC (collectively "Defendants") for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA"). Instead of paying Plaintiff overtime, Defendants paid Plaintiff and all others similarly situated a base salary and daily rate. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II.   JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff resides in, and worked on behalf of Defendants in this District and Division.

5. Defendants conduct substantial business in this District and Division.

### III. THE PARTIES

6. Plaintiff worked for Defendants as an operator during the relevant statutory time period. His consent to be a party plaintiff has been attached hereto as <u>Exhibit A</u>.

7. The class of similarly situated employees ("Putative Class Members") consists of:

> **ALL INDIVIDUALS WHO WERE EMPLOYED BY CSOS, LLC F/K/A CORNELL SOLUTIONS, LLC AND KLX ENERGY SERVICES, LLC, OVER THE PAST THREE (3) YEARS AS OPERATORS WHO WERE PAID A BASE SALARY AND DAY-RATE WITH NO OVERTIME COMPENSATION.**

8. CSOS, LLC f/k/a Cornell Solutions, LLC may be served through its registered agent: **Carlos I. Garza, III, at 3145 Center Pointe Drive, Edinburg, Texas 78539.**

9. KLX Energy Services, LLC may be served through its registered agent: **Corporate Creations Network, Inc., at 4265 San Felipe, Suite 1100, Houston, Texas 77027.**

10. Defendants are joint employers under the FLSA. CSOS, LLC f/k/a Cornell Solutions, LLC is a subsidiary of KLX Energy Services, LLC. http://www.klx.com/energy.cfm

### IV. COVERAGE UNDER THE FLSA

11. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.　FACTS

15. Defendants operate an oilfield service company providing pressure control, well testing, flowback, and other services to the oilfield with significant operations in the United States.

16. Over the statutory time period, Defendants have employed hundreds of operators. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

17. The primary job duties of the operators subject to this class include rigging up and rigging down oilfield equipment, operating oilfield machinery (such as grease injection units), and reporting their daily activities to their supervisors. Operators conduct their day-to-day activities within designated parameters and in accordance with pre-determined specifications. These specifications are created, implemented, and regularly maintained by well site supervisors. Operators' activities are routine and largely governed by standardized plans and checklists created by Defendants and their clients. Every element of these workers jobs are predetermined for them by Defendants and their clients, including the tools to use at a job site, the schedule of work, and related work duties.

18. Operators' job functions are primarily manual labor/technical in nature, requiring little to no official training. Likewise, college education is not required to be an Operator for Defendants.

19. All of Defendants' Operators worked similar hours and were denied overtime as a result of the same illegal pay practice. All of Defendants' Operators were generally scheduled to work over eighty-four (84) hours per workweek, but often worked more. Instead of being paid hourly, these workers were paid a base salary plus a day-rate. No matter how many hours these workers worked in excess of forty (40) hours a week, they were not paid overtime compensation.

## VI.  FLSA Violations

20. During the relevant time period, Defendants have violated, and are violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than one and one-half the regular rates for which they were employed.

21. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation. The decision by Defendants not to properly pay overtime compensation to its operators was neither reasonable, nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII. COLLECTIVE ACTION ALLEGATIONS

22. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from their observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendants have been imposed on the Putative Class Members.

23. The Putative Class Members all received a salary plus a day rate, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiffs in terms of job duties, pay provisions, and employment practices.

24. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

25. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### VIII. RELIEF SOUGHT

26. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

d. For an Order awarding Plaintiff (and those who have joined in the suit) unpaid benefits and compensation in connection with the FLSA violations;

e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:*/s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
mjosephson@fibichlaw.com
Andrew Dunlap
State Bar No. 24078444
adunlap@fibichlaw.com
Lindsay R. Itkin
State Bar No. 24068647
litkin@fibichlaw.com
**FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile

**AND**

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**